We've got Rubin v. Rubin, and it looks like Ms. Pabian is ready to go, so let's get started. May it please the court, Eileen Pabian of Holland and Knight, on behalf of the appellants Ronald Rubin and Walter and Lucille Rubin Foundation, I'm joined by my colleague and partner Brian Koch. The issues before this court today are narrow. They arise from a district court order that surrendered federal jurisdiction over a trustee removal action that was properly removed to federal court on diversity grounds with no objection by the plaintiff. After the plaintiff filed two separate lawsuits on the same day under different statutory frameworks, one seeking Ronald's removal as the personal representative of the estate and the other seeking his removal as trustee of two trusts, the appellants removed the trustee lawsuit, and the district court later erroneously treated the separate PR petition as a basis for Colorado River abstention. Compounding the error, at the plaintiff's request, the court remanded the federal matter back to state court with absolutely no legal authority for doing so. Even under the doctrine, it would be either a dismissal or you would abstain. You would stay the case. Correct, Your Honor. There's no, I don't think there's a provision for remand. There is not. There is not. That is one of the three errors that the court committed in abstaining and remanding under Colorado River. The court abused its discretion. It misapplied the Colorado River doctrine. It found parallel proceedings. It also then found exceptional circumstances based on a legally flawed factor analysis. As Judge Lagolla just said, even if abstention was proper, the court's decision to remand was completely legally impermissible. Federal courts have an unflagging obligation to exercise jurisdiction, and the Colorado River doctrine, abstention doctrine, is an extraordinary and narrow exception to that obligation. Here, there were no parallel proceedings. The trustee lawsuit and the PR petition are not parallel in any meaningful sense. They involve different parties, different fiduciary roles, different statutory frameworks, different legal claims, and different relief. The court here found parallelism based on shared factual and relational underpinnings. That was the entire basis for the court's ruling that these were parallel. It was five sentences in a five-page order where the court did this analysis, but the court applied the wrong test. As the court even noted in identifying what the standard is, the dispositive question is whether the PR petition provides an adequate vehicle for the full and complete resolution of the claims in the federal case. Here the PR petition cannot resolve them at all. I was going to clarify. Are there any claims that would be resolved by the state case? There are no claims that would be resolved. It's completely distinct claims. In the PR petition, they're asking for his removal as the personal representative of the estate and also attorney's fees under the probate code. In the trustee litigation, what they're asking for is removal of Ronald as the trustee, a modification of the trust terms to provide that he cannot appoint a successor trustee. They're asking for the appointment of a successor trustee and attorney's fees under the trust code. Additionally, we filed a counterclaim in the trustee litigation, the lawsuit. That does not appear in the PR petition. We asked for declaratory relief relating to whether there is a conflict of interest waiver and also whether there's a heightened standard of care under the terms of the Walter Trust. None of those claims could be adjudicated in the PR petition. Additionally, as we just pointed out, the relief that's requested is completely distinct. In the PR petition, it's asking only for removal of the personal representative and fees. In the trustee lawsuit, asking for completely distinct relief of removal as the trustee, modification, and attorney's fees. Could you, would you agree that even what you just described still falls under the umbrella of estate management, the management of this estate, and that regardless of the particular claims, as the district court found, the inquiry is so fact-intensive and relies pretty much on the same set of facts that it just makes sense for them to be parallel? Well, there's, there might be arguably, there are factual underpinnings that are the same, but that's not the test for determining whether abstention applies. This is a narrow and extraordinary exception to the, to the unflagging duty of a court to exercise jurisdiction. The fact that there are some factual similarities and that they pledged certain allegations and included some trust-related allegations in the PR petition does not make them parallel. The dispositive question under the law, as the Supreme Court has said, is whether the existing state proceeding can fully resolve the claims. The fact that there are facts in common does not make the actions actually parallel. And there's a reason for that. Even the facts themselves are being used to prove different propositions. In the PR petition, they're being used to prove that, or to try to establish that he's wasting estate assets and is not fit to be a personal representative. In the trustee litigation, they're being used for a completely different purpose to show that he has a conflict and he's conflicted out of being able to be the trustee. The plaintiff herself recognized the distinction between these two, between these two proceedings by filing two completely separate proceedings on the same day in the same court. So that's the best evidence that these are distinct proceedings where you have a plaintiff within 10 minutes of each other filing these two proceedings separately. Separately, but in the state court. And there are multiple proceedings happening in the state court, and my understanding is that most of them, if not all, are before the same state court judge. Some of them are before him, but of the eight that were cited in their brief, four of them were not even before him, and the other four related to completely distinct matters such as guardianship, incapacity, the validity of an estate planning document. And a judge's familiarity with the facts or familiarity with the family does not establish that they are parallel. That's not one of the factors that's looked at in establishing whether the cases are actually parallel. And this makes sense because we want to encourage the courts, encourage federal courts. They have this long-standing obligation to exercise jurisdiction, and it's only in the most narrow and extraordinary circumstances would we want to encourage a court to abstain from exercising jurisdiction. This case was removed without objection on diversity grounds. So the fact that the judge has some familiarity with the family, with the facts, and maybe has engaged in some decision-making relating to a state administration does not change the fact that these are not parallel. The law requires a very specific test in terms of determining whether something is parallel. Factual overlap alone is not enough. What's the current posture of the case that remained in state court? The probate proceeding, absolute, basically stagnant. There was a motion to dismiss. Sorry, I didn't hear you. What did you say?   There was a motion to dismiss that was filed before we even did our briefing, still has not been set for hearing. And the reality of the situation is that the probate matter is probably going to be closed relatively soon. The state administration is nearing an end. It's my understanding that the only thing that the parties are waiting on is for the IRS to sign off on the estate tax returns. Once that happens, the probate matter is going to be completely closed, thereby foreclosing the fact, once again, even if there was some basis for the court to adjudicate these things, which there isn't because they're not pled there, the probate matter is about to close. That's why it's even more critical that this matter remain in federal court where it was properly removed in the first place. In addition to the fact that the court misapplied Colorado River in finding parallel proceedings, the court also abused this discretion in finding that there were exceptional circumstances by applying the six-factor Colorado River test. These factors are supposed to be weighed with a heavy bias in favor of exercising federal jurisdiction for all the reasons that I articulated. The district court here inverted that presumption and treated abstention as if it was the rule rather than the exception that it is. It dismissed the first two factors as being irrelevant, and then it summarily found that the remaining four factors weighed in favor of abstention. Every one of those findings was incorrect. Under this court's precedent in Jackson Platts, where neither court has assumed jurisdiction over real property and where both forms are equally convenient, which is the case here, those factors both weigh against abstention. They are not irrelevant as the court determined here. Additionally, the remaining factors similarly weigh against abstention or are neutral. The piecemeal litigation risk here does not meet the abnormally excessive standard. Additionally, as we talked about, the trustee lawsuit has progressed further than the PR petition. There was an answer filed. There were affirmative defenses filed. There was a counterclaim filed. They even filed an answer to the counterclaim on the same day that they moved to abstain. So the trustee lawsuit is far further than the PR petition, again, weighing against abstention. The governing law is routine state law, and the courts apply this every day. Both forms are adequate. There's not a single factor that weighs in favor of abstention here. All of them, nearly all of them, tip against it. Finally, I see my time is running out. Remand, as Judge Lagoa pointed out at the outset, is not a legally permissible remedy here. Every court that has considered this has held that the option, the correct procedural remedy is to stay. Never remand. I think we've got your argument on that.  For all of those reasons, we ask that the court reverse, for an abuse of discretion, reverse the remand order and remand with instructions to reinstate the case in federal court alternatively to enter a stay. Thank you. Mr. Shurker, you've got 15 minutes. May it please the court, Elliot Shurker on behalf of the Appalese. The test for determining whether the Colorado River abstention should be granted in the is not whether the state case, the parallel case will resolve all issues in the case and render the federal action moot. The test is, as this court has held, whether a pending state case constitutes a parallel state action. The district court found that test was satisfied. What my opponent says is that the district court was wrong because the petition to remove him, to remove Ronald Rubin as a personal representative and the action to remove him as the trustee of his father's trust, quoting from their reply brief, raised separate legal questions involved different parties, by which he means the foundation party that is only included in the trustee removal action, and seek non-overlapping forms of relief. We know that the test is not identicality, however, and even a quick look. Is there any overlap here in the legal issues besides the people on the various sides of the case? There is complete overlap, if you will, as to Ronald Rubin's actions. If you look at the pleadings, the trust was supposed to pour over, the state rather, was it? The exact same conduct. Listen to my question carefully, please. Will any of the legal issues in this case be resolved by the decision in the probate case? I would say yes, Your Honor. Which one? If the court were to decide that Mr. Rubin did nothing wrong in his handling of the estate monies, there would be almost no way to find that he did something wrong as trustee. Because if he's pouring the money over from the estate into the trust, and he's faithfully executing his duties as the personal representative, it's almost impossible to find that he's not faithfully executing his duties as a trustee. He's doing the same thing, it's just in two different buckets at the same time. That's just based on similar factual questions, right? It's not the same as having the legal questions. It's not the same issues, right? Agreed. There's two different statutes that we allege Mr. Rubin violated as the PR and as the trustee. No question about it. But the question is whether they are parallel, whether they are substantially similar, not whether they are identical so that the federal action would be shut down as a result of the state action. What Mrs. Rubin pleads is that she seeks to remove her son for many of the same legal and factual reasons as the trustee, for many of the same legal reasons as she seeks to remove him as a trustee. Why would there be two lawsuits? Why were there two lawsuits in the first place? Your Honor, the record doesn't have an answer to that question, but they're two separate statutory actions. I assume they could have been consolidated, but they're two separate statutory actions. And they were filed as two separate statutory actions, as Ms. Pabian says, on the same day. I mean, nobody was hiding anything here. If Mr. Rubin is not making the required payments to his mother, which is the heart and soul of both actions, then he's violating his duties as the trustee and he's violating his duties as the PR. There's no sort of, legally, he does two things wrong, essentially, at the same time, if you will, by what's pleaded in these actions. This is what the district court said. The district court said that the factual and relational underpinnings of both disputes are substantially the same. In both actions, Ms. Rubin claims that Mr. Rubin mishandled trust assets by, among other things, failing to distribute trust funds and asserts that he has a conflict of interest. And the parties are indeed substantially the same. The foundation is only the residuary beneficiary. So it was joined in the trust action. She pleads one unified set of bad acts that lead to two consequences. We think this is even a stronger case than was presented to this court in the Taveras case. But the key point is the same. The same issues are at the heart of both cases. Yeah, but you have two actions. I think, to Judge Grant's point, you already brought two separate actions. And as Colorado River, and I think the district court recognized, just because you want to avoid piecemeal litigation, that's a worthy goal. But you all have already started this as piecemeal litigation by the way that you've proceeded. So how is it that, I guess I'm just trying to understand, we want to avoid piecemeal litigation by keeping them as parallel tracks. But you've already presented the case or formed both cases in a way that is piecemeal. So I just don't understand how staying the district court case or dismissing it somehow avoids that concern. We filed two cases before the same judge in the same court that were proceeding at the same time. So you're saying that's not piecemeal litigation? No, Your Honor. I would disagree with that. There's two different statutory actions that were filed as two separate actions before the same judge in the same court, seeking two different forms of relief based on the same acts, which is fundamentally different than the same case proceeding, substantially similar cases proceeding in the same court, in two different courts. In Tavares, you had a foreclosure case in state court, and you had a bunch of claims by the Tavareses in federal court. They weren't the same action at all. But what this court held was that resolving the federal case in the Tavareses' favor, or resolving it against them, would have tremendous consequences on the foreclosure action in state court. What's unusual about this case, and Judge Legault, this goes to your question as well at the beginning of Mr. Fabian's argument, is that the case was removed. Usually, the way this comes up, as my opponent tells you, is that there is a separate action simply filed in federal court, and the removal of the trustee action to federal court puts the case on two different tracks, before two different courts, based on the same core facts and the same alleged bad acts, the same scheme, if you will, of which we accused Mr. Rubin. Now, as to remand as opposed to stay and dismissal, stay and dismissal come up in the context of the ordinary case. Case pending in state court, new case filed. You haven't found a case where we're dealing with a remand and the remand... I have not, but we know what remand does, and Your Honor, this goes to your question as well. When you remove, the case is gone. It's not in state court anymore. If it's stayed, then the case is still gone, and the state court doesn't have the trustee case anymore. It simply stayed in federal court. May I ask you a question, Mr. Shurker? Yes, Your Honor. This is the issue I'm struggling with, which is that, obviously, Colorado River, and then like the continuation, the Moses H. Cone case, this is really a very narrow exception, right? Yes, Your Honor, it is. The question I have, and this is from the Noonan South case from our court, which is, the most important requirement underlying a district court's analysis of whether there exist exceptional circumstances sufficient to warrant dismissal is that the circumstances be exceptional. In the Noonan case, Judge Vance writes that the district court judge didn't make any findings with respect to whether or not the circumstances were so exceptional. I don't really see Judge Middlebrook making exceptional findings here. Where does that leave us? Does he need to make specific findings, finding exceptional, these warrant exceptional circumstances? I think it's fair to say from the face of the order that Judge Middlebrook's fully understood his responsibilities in dealing with the Colorado River extension, but to answer your question more specifically, it leaps off the page, if you will, just as it did in Tavares. This court in Tavares, in considering the requirement of abnormally excessive or deleterious said, quote, although the claims in the federal and state cases are not identical, inconsistent rulings regarding the note and property could create turmoil, and if the state court determines that the note is valid and that the property is subject to foreclosure, the Tavareses will have no basis for pursuing the remaining claims in either form, meaning that the state court has the potential to resolve all claims that the concurrent proceedings are not piecemeal. So the state court, if the federal court were to resolve the trust issues in Ronald's favor, the PR issues would all but go away, vice versa. But why is that true? I mean, as you say, they're different statutory schemes, and the test, as I understand it, is not there's a common nucleus of operative fact, right? I mean, if that were the test, then I think you'd have a pretty good argument, but it's supposed to be something that would resolve the other set of claims. Rona, if I might, we're overlapping here between substantially similar, which is the threshold under Colorado River, and piecemeal, which is one of this court's six factors. Speaking to piecemeal litigation, the concern which this court identified in Tavares is that one jurisdiction's case would be subject to the rulings of the other jurisdiction. Ordinarily, that's not going to be the case, even if you have two actions. Right, but my question is, is that the case here? It's just like Tavares. Yes, it is. How so? The same conduct is being adjudicated. In other words, Ronald Rubin didn't get up one day and do something wrong vis-a-vis the estate, and then get up the next day and do something wrong vis-a-vis the trust. If you look at the pleadings, which in ours include his dealing with the trust, he manipulated the estate so as not to pour over into the trust, so that basically his mother didn't get any money. Right. That's the heart and soul of both cases. It would be very hard to draw a line where he did wrong in one column and not in the other column. Right, but your point may be well taken that the factual scenarios overlap a lot, but it's not as dispositive legally as it was in Tavares, right? Correct, but if we're talking about substantially similar, it doesn't have to be. Well, now, I mean, you were saying piecemeal before, and now you're going back to substantially  I'm just being clear where I'm landing, Your Honor. It doesn't have to be, but for piecemeal, the question is, is it going to be extremely deleterious or unusually deleterious with adverbs to that effect? And the effect of a ruling in one forum on the other forum's action is what they're talking about. That's exactly what Tavares was talking about. Can I ask you about Tavares? Because to me, at least, reading Tavares, one of the reasons that I think the court found that there was not an abusive discretion in granting the Colorado River absentia doctrine is that it dealt with in-rem property. So there was a jurisdiction over the property, and that's one of the factors that you look at. And most of the time, that's not a factor that's involved because it's not in-rem property. So to me, I think that was given a lot of weight. And should have been. But we don't have that here, do we? No, we don't, Your Honor. But that's merely the first factor in the list of six, and they're supposed to be considered holistically and weighted appropriately for the individual case. The fact that you don't have property, if you have substantially similar actions in two different fora, and a ruling in one forum will absolutely have a huge impact on the action in the other forum, you have substantially similar cases, especially if they involve the same parties, which effectively they do here. The foundation's essentially a tag-along. But the question for piecemeal litigation is you will have piecemeal litigation, there's no question about it, if you have actions in two different fora. That's a given, which is why the adjectives are applied. And what Tavares seems to say to me, unless I'm reading it wrong, is that if a ruling would torpedo the other action, then you have unusually deleterious piecemeal litigation. And that factor would warrant in favor of Colorado River abstention. And as to the final point about remand, as I said at the beginning, it doesn't make any sense, and if you look at their brief in front of Judge Middlebrooks, it basically says we've never found a case that says you can do this. The Eleventh Circuit doesn't say that you can't. The Eleventh Circuit has never ruled that there can't be a remand, because it has never been faced with a removed case. So you're saying it can't be, he can't abstain or stay it because it's not in front of the state court. Correct. And it would effectively remove the case from state court, period, if it were to be stayed, which would defeat the whole purpose of Colorado River abstention. Well, I mean, Colorado River abstention doesn't say that the federal court can never decide it. It says the federal court should abstain for now, I would say, in deciding it. And if the case is remanded, then what if it becomes apparent that actually there would be no problem with the federal court deciding the issue. But at that point, it's already back in the state court, and there's no way to get it back. Well, Your Honor, just to spin it out a little bit, I can't respond to Ms. Pavian's comments about resolution of the estate litigation, because that's not on the record before you. But suppose the estate litigation, the estate were to be closed. And I don't know that that would necessarily resolve claims against Mr. Rubin for not having paid his mother appropriately for a long period of time. But assuming that something happened in the state court, I don't see why, in theory, an action could not be renewed in federal court, that there's no longer substantially similar action pending in state court. I think the point is that Colorado River abstention is narrow. By staying the case, it's the court taking a step back, whereas by remanding the case, it's the court entirely giving up the action. Why would a remand be consistent with what every court has described as the narrow nature of Colorado River abstention? Well, it's less than a dismissal, Your Honor. It is that. If dismissal can be appropriate, why would remand be so wildly inappropriate? Because staying would give the case the same, would do the same thing to the case that the inappropriate removal did. It would no longer be before the state court. If there were, it's different than if- You haven't challenged the removal, though, right? I mean, there was no problem with- The removal for under diversity jurisdictions. It's not that the removal was improper, even in your view. It's that because of the six factors, the court should abstain from deciding the case. What we're saying is that the court has to do something that would allow the case to proceed in state court, or it has effectively taken the case away from the state court, went under Colorado River. It shouldn't have. All right. We're over your time, and we appreciate your argument. Thank you, Your Honor. Ms. Pabian, you've reserved five minutes. Couple of points. First of all, a parallel state action means substantially similar, and as we discussed in the opening part of my argument, that is determined by whether the cases, the probate matter, would fully resolve the issues in the federal court. There are no, in response to your question, Judge Grant, there are no overlap of legal issues in this case. There's similar facts. It's involving the same family. There's some similar alleged conduct, but that does not create parallel proceedings. He's saying, your friend on the other side, that if it is found that Mr. Rubin didn't engage in any malfeasance as a trustee, then how can you find that as a personal representative, or maybe he switched that order around, but that a finding as to one role necessarily dictates the resolution of the other? The reason why it doesn't is because there are two different standards that apply. Under the trustee lawsuit, it's Section 736.0706, Subsection 2. There are four grounds for removal of a trustee. Under the PR petition, Section 733.504, there are 12 statutory disqualification grounds. They are completely distinct from the grounds that are necessary for establishing removal of a trustee. It's a different legal analysis that is done under the trust code and under the probate code. That is why the analysis of one, if the court were to determine he is or isn't fit to be the personal representative, that would not be dispositive of whether he is fit to be the trustee. It also, and there was no mention of this, it also would not resolve the counterclaim that we have in the trustee lawsuit. That counterclaim, the claim that we made, or the request that we made, is not present in the PR petition. The court could not . . . What is the counterclaim? The counterclaim relates to asking for a declaratory judgment as to whether there's a waiver of conflict of interest, the trustee's asserted conflict of interest, and whether there is a heightened standard of care for trustee liability under the express terms of the trust. That is the counterclaim that we made. None of that is anything that the state probate court has ever decided or considered. It seems so that if you were a PR of an estate and you have an obligation as a personal representative to fund the beneficiaries of the estate and you don't do so, it seems like that would probably be a violation of your obligations. It could be. It could be. That's, again, the generality of . . . It could be a breach of your fiduciary duty as a trustee if you're also not honoring your obligations as a PR. The fact that there is, like we said, the fact that there is some conduct that is alleged that would potentially be something that's analyzed in both cases does not mean that there is a dispositive basis for . . . When you look at the analysis, the analysis has to be done under . . . The facts are what the facts are. The allegations are similar, but that is . . . The fact that there are trust-related allegations included in the PR petition does not make them parallel. Again, if there's also an additional party that we address that's part of the trustee litigation that is not part of the PR petition, that's the foundation. The foundation has a more than 30 million . . . There's a residual beneficiary of the stake. That defendant is only a defendant in the trustee litigation, not in the PR petition. That defendant's rights are implicated in the trustee litigation, but not . . . But I assume that the foundation is part of the estate litigation because they are a beneficiary of the estate. Are they not? They are not listed as a defendant in the . . . I thought they were in the will. Excuse me? I thought they were in the will. They might be, but they are not listed as a defendant. I understand they're not listed as a defendant, but in the will, they're part of the estate and the proceeds of the estate, which is what's being litigated below in state court. That's correct, but the probate court can't bind a non-party, and the foundation is not a party under the PR petition. The other question of why . . . Right, but in a PR petition, obviously people who are beneficiaries or entitled to things, they have notice and they can intervene or they can make their presence known if they're trying to make a claim, correct?   Come on. Judge Grant, you asked why are there two separate lawsuits, and my opposing counsel said they are two separate statutory actions. That is exactly the point. These are two separate proceedings. They can't simultaneously maintain that they're so different that they required separate filings, but yet they're so similar that they're parallel. It's contradictory. As for Tavares, as you pointed out, Judge . . . I think you're already 30 seconds in, so I'll give you a moment to close. I'll wrap up with the fact that there are no exceptional circumstances here. Review of the court's order, Judge Middlebrooks didn't even state that there are exceptional circumstances. None are present here. This is a narrow and extraordinary exception to the obligation to exercise jurisdiction, and it does not apply. We ask the court to reverse and remand. Thank you.  We will be in recess until tomorrow morning.